UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

03-MDL-1570 (GBD)(SN)

**AMENDED ORDER
APPROVING NOTICES TO
CONFORM, SHORT FORM
COMPLAINTS, AND
NOTICES OF AMENDMENT**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

      The Court has previously issued several orders approving forms and setting procedures for the filing of new claims against the Kingdom of Saudi Arabia ("Saudi Arabia") and the Islamic Republic of Iran ("Iran"). ECF Nos. 3543, 3982, 4010. Because of the piecemeal manner in which the various types of new claims have been addressed, the applicable forms and procedures have become convoluted and inconsistent. In addition, the plaintiffs have sought to find ways of adding more plaintiffs to a single case than the Court intended by utilizing a combination of short form complaints and notices of amendment. The Court is attempting to manage the influx of new cases and claims in the most efficient and organized manner possible. To that end, the Court will now establish new procedures governing all newly filed claims against Iran and Saudi Arabia. This Amended Order supersedes ECF Nos. 3543, 3982, and 4010 in their entirety. The parties are directed to adhere to both the letter and spirit of these procedures. In addition, any plaintiff wishing to withdraw from the case must seek leave from the Court to dismiss his or her claims in accordance with the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

As new complaints are being filed against Saudi Arabia and Iran, the Court would like to put all plaintiffs on notice that, in the event that liability is ultimately established against one or both of these defendants, solatium claimants shall be required to present documentary evidence of their family relationship to a 9/11 decedent for the Court's review. Such evidence would consist of birth or marriage certificates or, in their absence, sworn affidavits attesting to a family relationship eligible for recovery. For deceased solatium claimants, a death certificate or sworn affidavit shall be requested to ensure that the claimant did not predecease the 9/11 victim. Cf. ECF No. 3442, 3445 (orders vacating judgments against Islamic Republic of Iran and dismissing claims of solatium claimants who had pre-deceased victims). Although liability and damages are bifurcated in this case, the Court strongly encourages all plaintiffs to gather the necessary documentation before or shortly after the filing or amendment of their complaints because such documentation may be more difficult to obtain with the passage of time.

**Notice to Conform**. Any plaintiff who has a claim pending in this MDL may adopt the Consolidated Amended Complaint as to the Kingdom of Saudi Arabia, ECF No. 3463 [hereinafter the CAC], through the filing of a Notice to Conform substantially in the form attached hereto as Exhibit A. Upon filing a Notice to Conform, the plaintiff's underlying complaint shall be deemed amended to include the factual allegations, jurisdictional allegations, and jury trial demand of the CAC, as well as all causes of action specified in the Notice to Conform. The amendment effectuated by the Notice to Conform shall relate solely to Saudi Arabia, and shall not apply to any other defendant, as to which the plaintiff's underlying complaint and any amendments thereto shall remain controlling. If the underlying complaint of a plaintiff who files a Notice to Conform does not name Saudi Arabia as a defendant, the plaintiff shall be deemed to have added Saudi Arabia to his or her constituent case through the filing of

the Notice to Conform. Upon service of the Notice to Conform upon the defendant via ECF, the amendment of the plaintiff's underlying case to conform to the CAC shall be deemed to have been served. Any motion to dismiss or responsive pleading filed by Saudi Arabia in response to the CAC shall be deemed applicable to all actions in which a Notice to Conform is filed, regardless of when the Notice to Conform is filed. In addition, by filing a Notice to Conform, a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Notice to Conform is filed.

By filing a Notice to Conform, a plaintiff shall not be deemed to have adopted any class-action allegations set forth the CAC or waived any right to object to class certification or to opt out of any certified class. The filing of a Notice to Conform also does not serve as a request for exclusion from any class that the Court may certify.

**Saudi Arabia Short Form Complaint**. Any plaintiff who has not yet filed a claim against Saudi Arabia, but intends to do so, may initiate an action against Saudi Arabia through the filing of a Saudi Arabia Short Form Complaint, substantially in the form attached hereto as Exhibit B. Any such new action initiated through the filing of a Saudi Arabia Short Form Complaint shall be filed as a new case and designated as related to this MDL. No more than 100 plaintiffs, including estate plaintiffs, may be included in a single Saudi Arabia Short Form Complaint. *All solatium claims must be filed on the same Saudi Arabia Short Form Complaint as the claims brought by the decedent family member's estate and must be counted toward the limit of 100 new plaintiffs*.

Counsel filing a new action through a Saudi Arabia Short Form Complaint shall submit a letter to the Honorable George B. Daniels and the Honorable Sarah Netburn, docketed in this MDL, requesting that the new action be made part of this MDL. Upon filing a Saudi Arabia

3

Short Form Complaint, a plaintiff shall be deemed to have asserted the factual allegations, jurisdictional allegations, and jury trial demand of the either the CAC or the Complaint Against the Kingdom of Saudi Arabia, Ashton v. Kingdom of Saudi Arabia, No. 17-CV-2003 (GBD)(SN) (S.D.N.Y. March 30, 2017), ECF No. 1 [hereinafter the Ashton Saudi Arabia Complaint], as well as all causes of action specified in the Saudi Arabia Short Form Complaint. After filing the Saudi Arabia Short Form Complaint via ECF, the filing plaintiff(s) shall timely submit an appropriate request for waiver of service to counsel for Saudi Arabia. Any motion to dismiss or responsive pleading filed by Saudi Arabia in response to the CAC or the Ashton Saudi Arabia Complaint, as applicable, shall be deemed applicable to all actions initiated through a Saudi Arabia Short Form Complaint, regardless of when the Saudi Arabia Short Form Complaint is filed. In addition, by filing a Saudi Arabia Short Form Complaint, a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Saudi Arabia Short Form Complaint is filed.

By filing a Saudi Arabia Short Form Complaint, a plaintiff shall not be deemed to have adopted any class-action allegations set forth in the CAC or the Ashton Saudi Arabia Complaint or waived any right to object to class certification or to opt out of any certified class. The filing of a Saudi Arabia Short Form Complaint also does not serve as a request for exclusion from any class that the Court may certify.

**Iran Short Form Complaint**. Any plaintiff who has not yet filed a claim against Iran, but intends to do so, may initiate an action against Iran through the filing of an Iran Short Form Complaint, substantially in the form attached hereto as Exhibit C. Any such new action initiated through the filing of an Iran Short Form Complaint shall be filed as a new case and designated as related to this MDL. No more than 100 plaintiffs, including estate plaintiffs, may be included in

a single Iran Short Form Complaint. *All solatium claims must be filed on the same Iran Short Form Complaint as the claims brought by the decedent family member's estate and must be counted toward the limit of 100 new plaintiffs*.

Counsel filing a new action through an Iran Short Form Complaint shall submit a letter to the Honorable George B. Daniels and the Honorable Sarah Netburn, docketed in this MDL, requesting that the new action be made part of this MDL. Upon filing an Iran Short Form Complaint, a plaintiff shall be deemed to have asserted the factual allegations, jurisdictional allegations, and jury trial demand of either the Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic or Iran, ECF No. 3237 [hereinafter the Ashton Iran Complaint], or the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53 [hereinafter the Burnett Complaint], as well as all causes of action specified in the Iran Short Form Complaint. Any motion to dismiss or responsive pleading filed by Iran in response to the Ashton Iran Complaint or the Burnett Complaint, as applicable, shall be deemed applicable to all actions initiated through an Iran Short Form Complaint, regardless of when the Iran Short Form Complaint is filed. In addition, by filing an Iran Short Form Complaint, a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Iran Short Form Complaint is filed.

By filing an Iran Short Form Complaint, a plaintiff shall not be deemed to have adopted any class-action allegations set forth in the Ashton Iran Complaint or the Burnett Complaint or waived any right to object to class certification or to opt out of any certified class. The filing of an Iran Short Form Complaint also does not serve as a request for exclusion from any class that the Court may certify.

5

**Notice of Amendment**. *New plaintiffs filing solatium claims with respect to a deceased family member whose estate was not a plaintiff before the date of this Amended Order may not use this procedure and must instead file their claims using the same Saudi Arabia Short Form Complaint or Iran Short Form Complaint as the deceased family member's estate.* A new plaintiff asserting claims for solatium damages with respect to a deceased family member whose estate filed claims against Saudi Arabia or Iran before the date of this Amended Order may be added to the existing case of the decedent's estate without seeking further leave from the Court by (1) filing a Notice of Amendment in the form attached hereto as Exhibit D (Saudi Arabia Notice of Amendment) or Exhibit E (Iran Notice of Amendment) in the existing civil case of the decedent's estate (not in the MDL), and then (2) adding the new plaintiff's name to the docket of the existing civil case on ECF. Names added onto the docket must be in First Name Last Name format, with only first letters capitalized (i.e., not written in all capitalized letters). No more than 25 new plaintiffs may be added to an existing case with a single Notice of Amendment. Attorneys wishing to add new plaintiffs using this procedure are strongly encouraged to contact the Clerk of Court and make arrangements to send members of their technical staff to court-sponsored training regarding the proper protocols for adding new plaintiffs to existing dockets. Plaintiffs added by this procedure need not re-serve defendants who have already been served. Any motion previously ruled on by the Court will be considered to have been filed and decided in the same manner and shall apply with equal force with regard to the claims of each new plaintiff.

**SO ORDERED.**

DATED:   July 10, 2018                              _____
         New York, New York                         SARAH NETBURN
                                                    United States Magistrate Judge