# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:

*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Roberta Agyeman, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD)(SN)
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD)(SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD)(SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD)(SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD)(SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL FINAL DAMGES JUDGMENT ON BEHALF OF MOVING PLAINTIFFS

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 278-1000
Fax:     (212) 278-1733
Email:  jgoldman@andersonkill.com
          bstrong@andersonkill.com
          agreene@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  New York, New York
          July 22, 2024

docs-100709948.1

## TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ................................................................................................................ 1

II.     PRELIMINARY STATEMENT ......................................................................................... 2

    A.    Orders ..................................................................................................................... 2

    B.    Related Cases .......................................................................................................... 3

    C.    *O'Neill* Plaintiffs Herein – Service and Liability ................................................. 5

III.    DAMAGES – GOVERNING LAW ................................................................................... 5

    A.    Background .............................................................................................................. 5

    B.    Economic Damages For Estates .............................................................................. 6

    C.    Punitive Damages ................................................................................................... 8

    D.    Prejudgment Interest .............................................................................................. 9

IV.     CONCLUSION ................................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashton v. al Qaeda Islamic Army,*
  02-CV-6977 (GBD)(SN) ..................................................................................... *passim*

*Baker v. Socialist People's Libyan Arab Jamahirya,*
  775 F. Supp. 2d 48 (D.D.C. 2011) ................................................................................. 9

*Bauer v. Al Qaeda Islamic Army,*
  02-CV-7236 (GBD)(SN) ..................................................................................... *passim*

*Est. of Bland v. Islamic Republic of Iran,*
  831 F. Supp. 2d 150 (D.D.C. 2011) ................................................................................ 8

*Est. of Heiser v. Islamic Republic of Iran,*
  466 F. Supp. 2d 229 (D.D.C. 2006) ........................................................................... 4, 7

*Flatow v. Islamic Republic of Iran,*
  999 F. Supp. 1 (D.D.C. 1998) ....................................................................................... 7

*Roth v. Islamic Republic of Iran,*
  78 F. Supp. 3d 379 (D.D.C. 2015) ................................................................................ 7

*In re Sept. 11 Litig.,*
  802 F.3d 314 (2d Cir. 2015) ........................................................................................ 10

*Valore v. Islamic Republic of Iran,*
  700 F. Supp. 2d 52 (D.D.C. 2010) .......................................................................... 3, 6, 7

**Statutes**

28 U.S.C. § 1605A .................................................................................................... *passim*

Air Transportation Safety and System Stabilization Act ("ATSSSA"). Pub. L.
  No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101) .................. 10

docs-100709948.1

## I.    INTRODUCTION

For the reasons set forth below, the statements contained in the Declaration of Jerry S. Goldman, Esq., with exhibits appended thereto and tendered under seal ("Goldman Declaration"), which is being filed contemporaneously with this memorandum of law, as well as those set forth in prior motions for liability and damages made on behalf of the *O'Neill* group of plaintiffs, certain plaintiffs in the above-referenced matters who are identified in Exhibit A[1] annexed to the Goldman Declaration (the "Moving Plaintiffs") (which is Exhibit B to the Proposed Order), by and through their counsel, Anderson Kill P.C., respectfully move this Court for an Order:

(1)    awarding the Moving Plaintiffs damages judgments against the Islamic Republic of Iran ("Iran"); AND,

(2)    awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedent, as identified in Exhibit A, an award of economic damages in the amounts set forth in Exhibit A; AND,

(3)    awarding the Moving Plaintiffs identified in Exhibit A prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

---

[1] The plaintiffs listed in annexed Exhibit A are personal representatives of 9/11 decedent estates. They are submitting claims for compensatory damages as a result of the 9/11 decedent's death. As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the decedent. Goldman Declaration at ¶ 7.

(4)    granting the Moving Plaintiffs identified in Exhibit A permission to seek punitive damages, economic damages, and other appropriate damages, at a later date, to the extent such awards have not previously been addressed; AND,

(5)    granting permission for all other Plaintiffs in these actions not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(6)    granting to the Moving Plaintiffs in Exhibit A such other and further relief as this Honorable Court deems just and proper.

## II.    PRELIMINARY STATEMENT

### A.    Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

a.    The Court's January 24, 2017 Order, ECF No. 3435,[2] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.    The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.    The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.    The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

---

[2] All ECF numbers are to the MDL docket unless stated otherwise.

docs-100709948.1

e.    The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

f.    The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.    The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

**B.    Related Cases**

Relying on evidence and arguments[3] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11th Attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of certain of the *Havlish*, *Ashton*, *O'Neill*, *Federal Insurance*, and *Hoglan* groups of plaintiffs against Iran. *See, e.g.*, ECF Nos. 2516, 3014, 3016, 3020-23. Subsequently, other liability findings were made for additional *O'Neill* Plaintiffs. After granting the *Havlish* Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the submissions of the *Havlish* plaintiffs, on October 3, 2012, this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium . . . in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, . . . family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for family members are appropriate, as an upward departure

---

[3] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

3

from the framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs in *Burnett* (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation. *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, and 3977 at 7.

In that same decision in *Havlish*, this Court also found that Plaintiffs are entitled to punitive damages under the FSIA in an amount of 3.44 multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that 3.44 multiplier also to judgments in *Ashton. See* ECF No. 3175 at 3 (Report and Recommendation to apply 3.44 punitive multiplier); *see also* ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No. 3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF Nos. 3358 at

4

11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. ECF No. 2623 at 5. The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims, ECF Nos. 3358 at 17-20, 3363 at 28-29. Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6. The Court applied that interest rate, 4.96 percent per annum, to the awards to other plaintiffs in *Burnett*.

### C. Moving Plaintiffs – Service and Liability

As set forth in Exhibit A to the Proposed Order, Moving Plaintiffs herein filed suit and duly served Iran. The Clerk's Office, upon Plaintiffs' applications, issued Clerk's Certificates of Default, and liability judgments have been entered in these cases.

## III. Damages – Governing Law

### A. Background

Section 1605A of the FSIA permits a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the

docs-100709948.1

foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members [or the functional equivalents of such family members] can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3 (quoting *Valore*, 700 F. Supp. 2d at 83).

Moving Plaintiffs identified in annexed Exhibit A are comprised of the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies. *See* Goldman Declaration at ¶ 7.

With respect to each estate plaintiff in annexed Exhibit A, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by a court as the personal representative of the 9/11 decedent estate.

As liability has been established in these matters, each Moving Plaintiff is now entitled to damages in the amounts set forth in annexed Exhibit A, which reflect the damage amounts based upon expert economic reports submitted herewith. In accordance with the terms of the FSIA, the Moving Plaintiffs with liability entered are entitled to compensation under Section 1605A for their economic damages, and are also entitled to prejudgment interest.

**B.    Economic Damages For Estates**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for

6

economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are]...entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore*, 700 F. Supp. 2d at 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d at 229. Thus, for example, United States District Court Judge Royce C. Lamberth, in a series of decisions issuing final judgments against Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[4]

Previously, this Court awarded economic damages in prior Iran cases for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports.

The estates set forth in annexed Exhibit A, which have provided economic expert reports, transmitted to the Court in the Goldman Declaration, seek economic damages, similar to the plaintiffs in the prior Iran cases in this Court under the standards set in the District of Columbia cases cited herein. Goldman Declaration at ¶¶ 14-21.

As described at length in the Goldman Declaration, in these cases, plaintiffs retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University ("Expert"), to evaluate the economic losses resulting from decedent's death as a result of the 9/11 Attacks. Goldman Declaration at ¶¶ 17-21.

---

[4] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]...a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Valore*, 700 F.Supp. 2d at 82.

As described in more detail in the Goldman Declaration, and the Expert's Declaration
(which is Exhibit B to the Goldman Declaration), we obtained, generally through a Freedom of
Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF")
files for a substantial number of the *O'Neill* group of plaintiffs.[5]  Those files, along with other
materials provided by the clients, contained various economic expert reports, VCF applications,
VCF work papers and distribution plans, VCF determinations, underlying economic documents,
and the like.  Using methodology and assumptions described in his declaration, relying on earlier
expert reports, determinations by the VCF, and other documents, the Expert prepared up-to-date
economic loss expert reports, copies of which are deemed appended to the Expert's Declaration
(Exhibit B) and being filed on ECF with access restricted to the Court pursuant to the Court's
May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports ("Expert
Reports") in support of default judgments.

Based on the foregoing, the Moving Plaintiffs respectfully ask that this Court award
economic damages to the estates set forth in annexed Exhibit A in the amounts stated therein, as
supported by the Expert Reports.

### C.    Punitive Damages

Moving Plaintiffs are also entitled to punitive damages under the FSIA. 28 U.S.C.
§ 1605A(c)(4).  In the *Havlish* Report and Recommendation on damages, the magistrate judge
explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising
out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*,
831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded

---

[5] We are still awaiting receipt of additional files which has adversely become impacted by both
"normal" delays in receiving responses to FOIA requests and COVID.

punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Moving Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See*, e.g., ECF No. 3666 (Judge Daniels' Order in *Burnett* authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### D. Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14. This Court, recognizing

9

that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks.  *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of

the claims. ECF No. 3384 at 6. Thereafter, in *Burnett/Iran II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

## IV.    Conclusion

For all of the reasons herein, the Goldman Declaration, in the papers previously submitted to this Court in support of damages against Iran in this MDL, and as previously decided by this Court, the Moving Plaintiffs respectfully request that this Honorable Court enter an Order:

(1)    awarding the Moving Plaintiffs damages judgments against Iran; AND,

(2)    awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedent, as identified in annexed Exhibit A, awards of economic damages in the amounts set forth in annexed Exhibit A; AND,

(3)    awarding the Moving Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

(4)    granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date, to the extent such awards have not previously been addressed; AND,

(5)    granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(6)    granting to the Moving Plaintiffs such other and further relief as this Honorable Court deems just and proper.

Dated:    New York, New York        Respectfully submitted,
          July 22, 2024

                                    /s/ Jerry S. Goldman
                                    ANDERSON KILL P.C.
                                    Jerry S. Goldman, Esq.
                                    Bruce E. Strong, Esq.
                                    Alexander Greene, Esq.
                                    1251 Avenue of the Americas
                                    New York, NY 10020
                                    Tel:  (212) 279-1000
                                    Fax: (212) 278-1733
                                    Email:  jgoldman@andersonkill.com
                                            bstrong@andersonkill.com
                                            agreene@andersonkill.com

                                    *Attorneys for Plaintiffs*

12